UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHELTON LOWERY,

                        Plaintiff,                Civ. Action No.:

        -against-

THE CITY OF NEW YORK, THE NEW YORK      **COMPLAINT**
COUNTY DISTRICT ATTORNEY, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE OFFICER
MICHAEL RALEIGH, POLICE OFFICER
DELORES MITCHELL, POLICE OFFICER
JOHN DOE NUMBERS 1-10, unknown and intended      **(JURY TRIAL**
to be named later, other New York City Police Officers    **DEMANDED)**
involved in the occurrences herein, individually and
in their respective capacities as members of the
Nassau County Police Department,

                        Defendants.
-----------------------------------------------------------------X

      Plaintiff SHELTON LOWERY, by his attorneys, RAISER & KENNIFF, P.C., for his

complaint alleges as follows:

## NATURE OF THE ACTION

      1.      This is a civil rights action in which the Plaintiff, SHELTON LOWERY, seeks

relief for Defendants' violation, under color of state law, of his rights, privileges and immunities

secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourth, and Fourteenth

Amendments to the United States Constitution, and the Constitution and laws of the State of

New York, on or about January 13, 2013, and continuing until his case was dismissed pursuant.

      2.      Defendants, THE CITY OF NEW YORK, THE NEW YORK COUNTY

DISTRICT ATTORNEY, THE NEW YORK CITY POLICE DEPARTMENT, POLICE

OFFICER MICHAEL RALEIGH, POLICE OFFICER DELORES MITCHELL, POLICE

OFFICER JOHN DOE NUMBERS 1-10, individually and in their official capacities, jointly and

severally, did cause Plaintiff SHELTON LOWERY to be subject to, inter alia, a deprivation of his constitutional rights to be free from negligence, false arrest, false imprisonment, and malicious prosecution, causing him financial and serious injury.

3.      Plaintiff, while in the vicinity of East 105th Street and Lexington Avenue, New York, was arrested on January 13, 2013, by New York City Police Officers, including but not limited to, POLICE OFFICER MICHAEL RALEIGH, and POLICE OFFICER DELORES MITCHELL (the "Officers"). He was unlawfully charged with violating New York Vehicle and Traffic Law VTL § 1192[2][3] (Operating a Vehicle While Intoxicated), New York Vehicle and Traffic Law VTL § 1192[3] (Operating a Motor Vehicle While Intoxicated), and New York Vehicle and Traffic Law VTL § 1192[1] (Operating a Vehicle While Impaired).

4.      The accusatory instruments in the criminal matter falsely alleged that among other things, on or about January 13, 2013, at about 3:45 a.m. while in the vicinity of East 105th Street and Lexington Avenue: "Officer Raleigh observed the defendant operating a motor vehicle in that the key was in the ignition, the engine was running, and the defendant was behind the wheel on a public highway, at the above location. I know that defendant was intoxicated because I observed the defendant had watery eyes and the odor of an alcoholic beverage on his breath."

5.      In fact, on January 13, 2013, when Plaintiff saw his friend being arrested, he approached the situation to see if he could help in any way. The Officers ordered him to return to his vehicle, plate # EYF5857 (the "Vehicle"), which was parked up the block in the vicinity of East 105th Street and Lexington Avenue, even though his Vehicle was legally parked.  The Plaintiff had no intention of driving said Vehicle. Plaintiff therefore obeyed the order and returned to his Vehicle. With no intention of putting the Vehicle in motion, Plaintiff simply sat in it. During this time, Plaintiff never operated the Vehicle.  At some point, the Officers came over

2

to the Vehicle and nonetheless arrested Mr. Lowery and charged him with the aforementioned charges. By providing the false testimony regarding Plaintiff "operating" the Vehicle, the Officers violated Plaintiff's constitutional rights and assisted in initiating a malicious prosecution against him.

6.     Subsequently, the last of the charges (VTL § 1192[1]) was dismissed as of December 3, 2014, because of the government's inability to prove that charge.

7.     Plaintiff was deprived of his constitutional and civil rights, including but not limited to, the right to be free from negligence, false arrest, false imprisonment, and malicious prosecution, resulting in the deprivation of his constitutional rights.

## JURISDICTION

8.     This action is brought pursuant to 42 U.S.C. § § 1983, 1985, 1986, 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § § 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C. § 1367 to hear and decide any and all claims arising under state law.

## VENUE

9.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(a), (b) and (c) and § 1402 (b) because the claims arose in this district and Plaintiff resides in this district.

3

## COMPLIANCE WITH GENERAL MUNICIPAL LAW

10.     Prior hereto and within the proper time allotted by statute (90 days), Plaintiff filed a Notice of Claim on February 12, 2015, in compliance with General Municipal Law Section 50 et seq. and CPLR 215, as against each municipal Defendant (Exhibit "B").

11.     A 50-h pre-action hearing, pursuant to General Municipal Law Section 50 et seq., has not yet been held.

## JURY DEMAND

12.     Plaintiff hereby demands trial by jury of all issues properly triable.

## PARTIES

13.     Plaintiff is a citizen of the United States and is a resident of the County of New York, State of New York, and at all times relevant to the allegations of this complaint did so reside.

14.     Defendant THE CITY OF NEW YORK (the "City") is a duly constituted municipal entity created and authorized under the laws of the State of New York. The City is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement, and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers as well a District Attorney's Office. At all relevant times, the City acted through its agency, the New York City Police Department (the "NYPD") and its District Attorney's Office, to commit the acts alleged in this Complaint and was therefore responsible for such acts.

15. Defendant NEW YORK COUNTY DISTRICT ATTORNEY (the "DA") is a duly constituted office and/or agency of the City, acting within its official capacities.

4

16. Defendant NYPD is a duly constituted office and/or agency of the City, acting within its official capacities

17.     Defendant Police Officer MICHAEL RALEIGH ("P.O. Raleigh") is or was at all times relevant to this complaint, a police officer employed by the NYPD, acting within his official capacities.

18.     Defendant Police Officer DELORES MITCHELL ("PO Mitchell"), is or was, at all times relevant to this complaint, a police officer employed by the NYPD, acting within her official capacities.

19.     The Defendant OFFICER "JOHN DOES" 1-10 (the "John Doe Defendants") were at all times herein mentioned police officers, in their individual and official capacities, employed by the City under the direction of the NYPD, and acting in furtherance of the scope of their employment, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City. These John Doe Defendants include individuals who assisted and/or conspired to and/or acted in concert with and/or did engage in the violations of Plaintiff's rights described herein, or who failed to protect Plaintiff from violations of his constitutional rights.

20.     During all times mentioned in this Complaint all the Defendants were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York, the City, and/or the NYPD.

21.     During all times mentioned in this complaint, Defendants and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges, and immunities of Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal,

5

improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

22.    Each of the John Doe Defendants, at all times relevant to this action, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of Plaintiff but each of the John Doe Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants and thereby became party to the unnecessary subjection of harm and denial of basic rights of Plaintiff.

## STATEMENT OF FACTS

23.    Plaintiff, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

24.    On January 13, 2013, while lawfully at 105th Street and Lexington Avenue, New York, Plaintiff was wrongfully handcuffed, detained, restrained, taken into custody, arrested, and jailed/imprisoned, all based on the false allegations that he "operated" a motor vehicle while intoxicated and/or impaired, when in fact Plaintiff had not, and had no intention of operating a motor vehicle.

25.    Plaintiff was charged with violating New York Vehicle and Traffic Law VTL § 1192[2][3] (Operating a Vehicle While Intoxicated), New York Vehicle and Traffic Law VTL § 1192[3] (Operating a Motor Vehicle While Intoxicated), and New York Vehicle and Traffic Law VTL § 1192[1] (Operating a Vehicle While Impaired). Plaintiff then pled not guilty and was released on his own recognizance.

26.    As a result of the arrest and incarceration, Plaintiff has suffered from sleeplessness, anxiety, insomnia, and other related emotional distress and suffering.

6

27.      Plaintiff's emotional distress was further exacerbated by the prolonged malicious prosecution which continued throughout that time period, and which he endured from January 13, 2013 to December 3, 2014.

28.      At all relevant times herein, the arrest and detention of Plaintiff was without probable cause.

29.      Defendants unlawfully, maliciously, negligently, intentionally, and/or willfully prosecuted Plaintiff without probable cause, or privilege.

30.      On or about December 3, 2014, the charges against Plaintiff were finally dismissed.

31.      The individual Defendants' acts and omissions described above were intentional, wanton, willful, and malicious, and were performed in violation of, and with deliberate indifference to, and/or in reckless disregard of, Plaintiffs' rights, secured by the Fourth and Fourteenth Amendments to the United States Constitution.

32.      As a direct and proximate result of the foregoing actions, Plaintiff has suffered the following injuries, among others:

> a. psychological and emotional injury, past and future;
>
> b. degradation, humiliation, mental anguish, suffering and embarrassment;
>
> c. economic damages, including but not limited to the loss of wages;
>
> d. loss of, and damage to, his reputation;
>
> e. deprivation of liberty; and
>
> f. other injuries not yet fully ascertained.

### FIRST CAUSE OF ACTION
**(Constitutional Violations - 42 U.S.C. § 1983)**

33.      Plaintiff realleges and incorporates by reference the allegations set forth in the

7

foregoing paragraphs as if fully set forth herein.

    34.    Defendants, under color of state law, subjected Plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983, thereby depriving Plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

        a. freedom from unreasonable seizure of his person;

        b. freedom from arrest without probable cause;

        c. freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff was aware and to which Plaintiff did not consent;

        d. freedom from abuse of process;

        e. freedom from deprivation of liberty without due process of law; and

        f. equal protection, privileges and immunities under the laws.

    35.    As a direct and proximate result of Defendants' deprivation of Plaintiff's constitutional rights, Plaintiff suffered the damages alleged herein.

## SECOND CAUSE OF ACTION
### (Individual Supervisory Liability - 42 U.S.C. § 1983)

    36.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

    37.    The John Doe Defendants were, at all relevant times, supervisory personnel in the NYPD, with oversight and/or responsibility for the training, instruction and supervision of the named individual Defendants who deprived Plaintiff of his federal constitutional rights.

    38.    The individual supervisory John Doe Defendants knew or should have known that the named individual Police Officer Defendants failed to intervene to prevent the unlawful arrest

8

of Plaintiff, and in the deprivation of Plaintiff's rights.

39.     The John Doe Defendants, as the supervising officers of the NYPD, failed to supervise the named NYPD officers regarding lawful arrest procedures.

40.     The supervisor John Doe Defendants knew or should have known that the named individual Police Officer Defendants were conducting an unreasonable, unlawful seizure and false arrest of Plaintiff, depriving him of his due process of law.

41.     On information and belief, the supervisor John Doe Defendants were involved in either ordering, or failing to take preventative and remedial measures to guard against Plaintiff's constitutional deprivations. The supervisory John Doe Defendants knew, or in the exercise of due diligence, should have known, that the actions taken against Plaintiff by the named individual Officer Defendants were likely to occur.

42.     The failure of the individual supervisor John Doe Defendants to train, supervise and/or discipline the named individual Officer Defendants with respect to the constitutional rights of civilians amounted to gross negligence, deliberate indifference or intentional misconduct, which directly and proximately caused the injuries and damages to Plaintiff as set forth herein.

### THIRD CAUSE OF ACTION
*(Monell* **Claim - 42 U.S.C. § 1983)**

43.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

44.     All of the acts and omissions by the named and unnamed individual Officer Defendants described above, with regard to the unlawful seizure and false arrest of Plaintiff, were carried out pursuant to overlapping policies and practices of the City, which were in existence at the time of the conduct alleged herein and which were engaged in with the full

knowledge, consent, acquiescence, and cooperation, and under the supervisory authority of, the
Defendant City and its agencies, the NYPD and the DA.

45.     Defendant City and the NYPD, by their policy-making agents, servants and
employees, authorized, sanctioned, and/or ratified the individual Officer Defendants' wrongful
acts and/or failed to prevent or stop those acts and/or allowed or encouraged those acts to
continue.

46.     The actions of the individual Police Officer Defendants resulted from and were
taken pursuant to *de facto* policies and/or well-settled and widespread customs and practices of
the City, which are implemented by members of the NYPD. The relevant policies, customs and
practices with regard to the arrest of individuals in parked vehicles are that NYPD police officers
are permitted to arbitrarily order civilians lawfully on the street (even if intoxicated) into a
vehicle as a means to suppress constitutional rights and exert unlawful control over civilians,
even when there are no exigent circumstances or an emergency exists.

47.     Police officers also are encouraged by their supervisors, when they require
civilians to return to vehicles, in circumstances such as those giving rise to this matter, to cover it
up by alleging independent violations of the Penal Law. Said behavior has been exhibited many
times and is an unwritten policy of the NYPD implemented, accepted, and/or tolerated by said
supervisors.

48.     The NYPD, with the knowledge, approval, and encouragement of the NYPD
Commissioner, fails to properly train and supervise officers concerning the Constitutional rights
of civilians to be free from false arrest, false imprisonment, and malicious prosecution.

49.     The existence of the foregoing unlawful *de facto* policies and/or well-settled and
widespread customs and practices is known to, encouraged, and/or condoned by supervisory and

10

policy-making officers and officials of the NYPD and the City.

50.     Despite knowledge of such unlawful *de facto* policies, practices, and/or customs, these supervisory and policy-making officers and officials of the NYPD and the City, have not taken steps to terminate these policies, practices, and/or customs, and do not properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead sanction and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to, and/or reckless disregard of the effect of said policies, practices, and/or customs upon the constitutional rights of persons in the City.

51.     The aforementioned City policies, practices, and/or customs of failing to supervise, train, instruct, and discipline police officers within the NYPD are evidenced by the NYPD police misconduct detailed herein.

52.     Plaintiff's injuries were a direct and proximate result of the Defendant City's and its agency's, the NYPD's, wrongful *de facto* policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of Defendant City and the NYPD to properly supervise and train police officers with regard to constitutional liberties and lawful police conduct.

53.     Defendant City knew or should have known that the acts alleged herein would deprive Plaintiff of his rights, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 6, 8, 11, and 12 of the Constitution of the State of New York.

54.     Defendant City is directly liable and responsible for the acts of the individual Officer Defendants because it repeatedly and knowingly failed to properly supervise, train, and instruct them to require compliance with the constitutions and laws of the State of New York and

the United States.

## FOURTH CAUSE OF ACTION
### (New York State Constitutional Violations)

55.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

56.     Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, Article I, §§ 6, 8, 11, and 12, including his rights of:

> a. freedom from unreasonable seizure of his person, including excessive force;
>
> b. freedom from arrest without probable cause;
>
> c. freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff was aware and to which Plaintiff did not consent;
>
> d. freedom from abuse of process;
>
> e. freedom from deprivation of liberty without due process of law; and
>
> f. equal protection, privileges and immunities under the laws.

57.     Defendants' deprivation of Plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth herein.

## FIFTH CAUSE OF ACTION
### (False Arrest)

58.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

59.     Acting under color of law, Defendants unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's arrest without probable cause or other legal justification.

60.     The individual Defendants committed the foregoing acts intentionally, willfully

and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

### SIXTH CAUSE OF ACTION
### (False Imprisonment)

61.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

62.     Acting under color of law, the individual Defendants unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's wrongful detention, thereby depriving him of his liberty without good faith, reasonable suspicion, or other legal justification.

63.     For all of the relevant time, Plaintiff was conscious of his confinement, and at all relevant times, Plaintiff did not consent to his confinement.

64.     Plaintiff was falsely imprisoned for several days.

65.     The individual Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

### SEVENTH CAUSE OF ACTION
### (Negligence)

66.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

67.     The Officer and John Doe Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

a. failed to perform their duties as a reasonably prudent and careful police officer or supervisor would have done under similar circumstances; and/or

b. carelessly and recklessly used seized and detained Plaintiff without a warrant or probable cause; and/or

13

c. carelessly and recklessly failed to intervene in the unlawful actions taken against Plaintiff resulting in his unlawful arrest, detention and prosecution.

68.     The negligent actions of these Defendants directly and proximately caused Plaintiff's injuries and damages set forth above.

## EIGHTH CAUSE OF ACTION
### (*Respondeat Superior* Against the City)

69.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs if fully set forth herein.

70.     Defendant City is liable for the actions of the individual Defendants under the doctrine of *respondeat superior* because they were acting within the scope of their duties as employees.

## NINTH CAUSE OF ACTION
### (Malicious Prosecution)

71.     Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

72.     The actions of Defendants herein, acting individually and in concert, intentionally and deliberately led to a malicious prosecution of Plaintiff.

73.     A judicial proceeding was commenced and prosecuted against Plaintiff.

74.     This was done by or at the instance of Defendants.

75.     This was done without probable cause.

76.     This was done with malice.

77.     The judicial proceeding, maintained by a malicious prosecution, terminated in favor of the Plaintiff.

78.     Plaintiff was injured by having to go through this judicial proceeding.

79.     During the pendency of this criminal matter, Plaintiff made several court appearances of various lengths.

80.     Plaintiff suffered interference with his person or property as a result of this proceeding.

81.     As a direct and proximate result of Defendants' wrongful acts, policies, practices, customs and/ or usages complained of herein, Plaintiff suffered injuries and damages including, but not limited to, past and future psychological and emotional injury; degradation, humiliation, mental anguish, suffering and embarrassment; loss of, and damage to, his reputation; and deprivation of liberty, without any negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all Defendants:

(a) a declaration that Defendants violated Plaintiff's federal and state civil rights;

(b) compensatory damages for the injuries suffered by Plaintiff by reason of Defendants' unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial in an amount not less than $150,000;

(c) punitive damages against the individual Defendants assessed to deter such intentional and reckless deviations from well-settled constitutional standards, to the extent allowable by law;

(d) reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(e) such other and further relief as appears just and proper.

15

Dated: Mineola, New York
     March 2, 2016

                  RAISER & KENNIFF, P.C.

                  James M. Ingoglia, Esq.
                  300 Old Country Road, Suite 351
                  Mineola, NY 11501
                  (516) 742-7600
                  jingoglia@raiserkenniff.com

                  *Attorneys for Plaintiff*